**Bayba TOLBERT**

v.

**M/V STANISLAVSKY and Murmansk Shipping, Ltd.**

**Civ. A. No. 81–107–B.**

United States District Court, M. D. Louisiana.

May 7, 1981.

Joseph A. Gladney, Baton Rouge, La., James A. George, George & George, Ltd., Baton Rouge, La., for plaintiff.

Rufus C. Harris, III, New Orleans, La., for defendant.

POLOZOLA, District Judge.

This matter is before the Court on the motion of the defendant, Murmansk Shipping, Ltd., for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. No oral argument is required on this motion.

The plaintiff has filed this suit to recover damages for injuries allegedly sustained during the course of his employment as a longshoreman with Baton Rouge Marine on February 15, 1978 while loading rice into a hold aboard the M/V STANISLAVSKY. Plaintiff contends that the crew of the M/V STANISLAVSKY failed to remove all of the boards from the hatch which were used to cover the hold. One of the boards apparently fell from the hatch and into the hold striking the plaintiff in the lower back.

This action has been instituted pursuant to 33 U.S.C. § 905(b), the Longshoremen's and Harbor Workers' Compensation Act, and 28 U.S.C. § 1332, diversity jurisdiction.

The defendant has now filed a motion for summary judgment on the ground that this action is barred by laches. The defendant contends that the equitable doctrine of laches applies to this maritime case, and that the analogous state statute of limitations is applicable as a factor to be considered in determining whether the plaintiff's delay in bringing suit is inexcusable and thereby prejudiced the defendant.

The plaintiff concedes that laches is the applicable limitations period in this case but strongly opposes the proposed analogy to the Louisiana one-year statute of limitations and the inference arising therefrom.

■ It is now well settled that the equitable doctrine of laches is applicable to the timeliness of the longshoreman's negligence action against a shipowner. *Mecom v. Livingston Shipbuilding Co.*, 622 F.2d 1209 (5 Cir. 1980); *Bush v. Oceans Intern.*, 621 F.2d 207 (5 Cir. 1980); *Bongiovanni v. N.V. Stoomvaart-Matts "Oostzee"*, 458 F.Supp. 602 (S.D.N.Y.1978).

■ The sole issue now before the Court is whether the analogous Louisiana one-year statute of limitations or the statute of limitations prescribed by the Jones Act, 46 U.S.C. § 688, is the controlling statutory limitation period to be applied in determining laches in a § 905(b) negligence claim brought by a longshoreman against a shipowner. The Fifth Circuit Court of Appeals in *Bush v. Oceans Intern.*, 621 F.2d 207 (5 Cir. 1980) reaffirmed its prior holding in *Flowers v. Savannah Machine & Foundry Co.*, 310 F.2d 135 (5 Cir. 1962), wherein the Court concluded that "the Jones Act three-year period should be employed." The Fifth Circuit in *Bush v. Oceans Intern.*, supra, summarized this Circuit's position accordingly:

> "The analogous limitation period to be utilized in determining whether laches bars this action is the three-year Jones Act limitation. In sum, *Flowers v. Savannah Machine and Foundry Company*, 310 F.2d 135 (5 Cir. 1962), remains viable."

■ Since this suit was filed on February 13, 1981, within the three-year period provided by the Jones Act, the defendant assumes the burden of showing inexcusable delay and undue prejudice. A careful review of the record reveals that the defendant has not articulated any reasons to support its contention of undue prejudice and inexcusable delay. Therefore, the defendant has failed to meet its burden of proof that plaintiff's suit should be barred by laches.

Therefore:

IT IS ORDERED that the defendant's motion for summary judgment be and it is hereby DENIED.